Criminal Case Template




COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



ANTONIO SOTO,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-03-00219-CR


Appeal from the


34th District Court


of El Paso County, Texas


(TC# 20010D03179)



MEMORANDUM OPINION

 According to the documents filed in this Court, Antonio Soto was sentenced on
February 4, 2003 for the offense of unlawful delivery of a controlled substance. He filed
a motion for new trial on April 10, 2003, and a notice of appeal on May 15, 2003.

 A motion for new trial is due within thirty days after the date the trial court
imposes or suspends sentence. Tex. R. App. P. 21.4(a). Therefore, Soto's motion for new
trial was due on March 6, 2003. A defendant's notice of appeal must be filed within
thirty days after the day sentence is imposed or suspended, or within ninety days after
sentencing if the defendant timely files a motion for new trial. Tex. R. App. P. 26.2(a);
Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Because Soto did not file a
timely motion for new trial, his notice of appeal was due on March 6, 2003. A court of
appeals may grant an extension of time to file the notice of appeal if the notice is filed
within fifteen days after the last day allowed and, within the same period, a motion is
filed in the court of appeals reasonably explaining the need for the extension of time. 
Tex. R. App. P. 26.3; Olivo, 918 S.W.2d at 522. Soto did not file his notice of appeal
within the fifteen-day grace period and he did not file a motion for extension of time.

 A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo,
918 S.W.2d at 522. Because it appeared that Soto's notice of appeal was untimely, we
notified the parties on May 19, 2003 of our intent to dismiss the appeal for want of
jurisdiction unless any party could show grounds for continuing the appeal. We received
no response to this notice. Accordingly, we dismiss the appeal for want of jurisdiction.


 SUSAN LARSEN, Justice

July 3, 2003


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)